Chen v. Barr

BIA
Poczter, IJ
A 206 895 272

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of October, two thousand twenty.

PRESENT:
> DENNIS JACOBS,
> DENNY CHIN,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

ZHIQIANG CHEN, AKA ZHI CHEN,
> *Petitioner,*

v.                                                          18-3412
                                                            NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          John Chang, Esq., New York, NY.

FOR RESPONDENT:          Jeffrey Bossert Clark, Acting
                         Assistant Attorney General;
                         Brianne Whelen Cohen, Senior
                         Litigation Counsel; Ashley Martin,

Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhiqiang Chen, a native and citizen of the People's Republic of China, seeks review of a November 5, 2018 decision of the BIA affirming a November 17, 2017 decision of an Immigration Judge ("IJ") denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhiqiang Chen,* No. A 206 895 272 (B.I.A. Nov. 5, 2018), *aff'g* No. A 206 895 272 (Immig. Ct. N.Y. City Nov. 17, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the findings the BIA declined to rely on. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Because Chen has not challenged the agency's alternative

2

denial of his future persecution claim based on his practice of Christianity in the United States, only the adverse credibility determination as stated by the BIA is before us. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005) (finding CAT claim abandoned where it was not argued in petitioner's brief). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination for substantial evidence). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."

*Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. We conclude that the agency's adverse credibility determination is supported by substantial evidence.

Multiple inconsistencies provide substantial support for the agency's adverse credibility determination. Chen's testimony was inconsistent with his mother's statement about how many people came to their house to demolish their property in June 2014, who called the police after this incident, the name of the friend who introduced Chen to Christianity in August 2014, and when the police raided Chen's church. Taken together, these inconsistencies constitute substantial evidence for the agency's conclusion that Chen was not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167 (permitting consideration of discrepancies between the petitioner's testimony and letters from third parties). The IJ was not compelled to accept Chen's shifting explanations for these discrepancies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate

4

that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

The agency also properly relied on Chen's omission from his asylum application of a second beating by the village officials who destroyed his property. In his asylum application, Chen identified only one beating by the village officials who allegedly destroyed his property. But he later testified that the same men beat him a second time two days later, prompting his mother to call the police again. His explanation that he thought mentioning only one beating was "enough" in his statement is not persuasive, Certified Administrative Record ("CAR") at 116, particularly given the detailed written statement he attached to his application, *see Majidi*, 430 F.3d at 80. We find no error in the agency's reliance on this omission because it was a physical assault that was central to both his past harm and the motivation for his practice of Christianity. *See Ming Zhang v. Holder*, 585 F.3d 715, 726 (2d Cir. 2009) (holding that the agency may "draw an adverse inference about petitioner's credibility based, *inter alia*, on h[is] failure to mention" important details or events in prior statements); *see also Hong Fei*

5

*Gao*, 891 F.3d at 78 ("[T]he probative value of a witness's prior silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose.").

Having questioned Chen's credibility, the agency reasonably relied on his failure to rehabilitate his testimony with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency did not err in declining to afford significant weight to letters from Chen's friend and mother because his mother was an interested witness and her letter was inconsistent with Chen's statements, and both authors were not available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (holding that weight of evidence is within agency discretion and deferring to agency's decision to afford little weight to spouse's letter because it was unsworn and from an interested witness); *see also In re H-L-H- & Z-*

*Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding that unsworn letters from alien's friends and family were insufficient to provide substantial support for alien's claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

Chen devotes most of his brief to arguing that a September 2014 arrest warrant from the Chinese police corroborates that he was in fact arrested in September 2014 after the police raided his church and thus rehabilitates his testimony. However, the warrant, which the agency considered, does not resolve the other substantial discrepancies between Chen's testimony and his mother's letter – including, but not limited to, the date of Chen's arrest - and the agency has broad discretion in the weight it affords to documents. *See Y.C.*, 741 F.3d at 332.

Accordingly, given the inconsistencies between Chen's and his mother's statements and the omission from his application, the adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 165–66; *see also Xian Tuan Ye v. Dep't of Homeland Sec.*,

446 F.3d 289, 295 (2d Cir. 2006) (holding that even a single inconsistency is sufficient to support an adverse credibility determination if it is material and relates to "an example of the very persecution from which" the applicant seeks relief). The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all forms of relief were based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court